UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-137-TAV-DCP |
| | ) | |
| JOSEPH MCKINLEY LOCKE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Joseph Locke's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [Doc. 14], filed on January 7, 2026.

Defendant Locke asks the Court to continue the February 17, 2026[1] trial date at least 120 days and to extend the January 8, 2026 motion deadline and the January 16, 2026 plea deadline [*Id*. ¶¶ 1, 5]. In support of his motion, Defendant states defense counsel needs additional time to complete research and investigation and to review the discovery with Defendant [*Id*. ¶ 2]. Although discovery is not voluminous, it contains "multiple multimedia items," which counsel must review in person with Defendant, who is detained in Laurel County, Kentucky [*Id*.]. Counsel also needs time to review the applicable sentencing guidelines and to determine the effect of this case on Defendant's pending revocation hearing in case number 3:19-CR-220 [*Id*.]. The motion relates that the Government does not oppose the requested continuance [*Id*. ¶ 5]. Defendant also states

---

[1]     The current trial date is mistakenly noted in the motion to be February 11, 2026 [Doc. 14 ¶ 1].

that he understands the time between the filing of the motion and the new trial date is excludable for speedy trial purposes [*Id*. ¶ 4].

Based upon the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel needs additional time to review discovery with Defendant, conduct legal research including reviewing the potential sentencing guidelines, confer with Defendant, prepare and litigate pretrial motions, and ready the case for trial. The Court finds that all of this cannot occur before the February 17, 2026 trial date.

The Court therefore **GRANTS** Defendant Locke's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 14**]. The trial of this case is reset to **June 23, 2026.** A new comprehensive schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the motion on January 7, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 14**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **June 23, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

2

(3) all time between the filing of the motion on **January 7, 2026**, and the new trial date of **June 23**, **2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **February 13, 2026**. Responses to motions are due on or before **February 27, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 22, 2026**;

(6) the deadline for filing motions *in limine* is **June 8, 2026**, and responses to motions *in limine* or due on or before **June 16, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **June 9, 2026, at 11:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 12, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3