UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-137-TAV-DCP |
| | ) | |
| JOSEPH MCKINLEY LOCKE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Joseph Locke's Unopposed Motion to Continue the Plea Deadline and Trial Date [Doc. 17], filed on May 21, 2026.

Defendant Locke asks the Court to continue the June 23, 2026 trial date at least ninety days and to extend the May 22, 2026 plea deadline [*Id*. ¶¶ 1, 5].[1] In support of his motion, Defendant states defense counsel needs additional time to continue plea negotiations with a new prosecutor who recently joined the case [*Id*. ¶ 2]. The motion relates that the Government extended a plea offer on May 20, 2026, and counsel needs time to discuss the offer with Defendant, who is detained in Laurel County, Kentucky, and to discuss Defendant's potential exposure under the United States Sentencing Guidelines [*Id*.]. Defendant contends that if he ultimately chooses not to plead guilty, counsel needs additional time to prepare for trial [*Id*.]. The motion relates that the Government

---

[1] Defendant also observes that he has a pending revocation matter in case number 3:19-CR-220-TAV-DCP-12 [Doc. 17 ¶ 2]. Defendant does not ask to continue his revocation hearing, which is also set for June 23, 2026, nor did he file a motion in his revocation case. Defendant is **DIRECTED** to contact the District Judge's Chambers to reset his revocation hearing in case number 3:19-CR-220 if he still desires that the cases proceed together.

does not oppose the requested continuance [*Id.* ¶ 5]. Defendant also states that he understands the time between the filing of the motion and the new trial date is excludable for speedy trial purposes [*Id.* ¶ 4].

Based upon the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel needs additional time to review a plea offer and the potential sentencing guidelines with Defendant, and if plea negotiations are ultimately not fruitful, to ready the case for trial. The Court finds that all of this cannot occur before the June 23, 2026 trial date.

The Court therefore **GRANTS** Defendant Locke's Unopposed Motion to Continue the Plea Deadline and Trial Date [**Doc. 17**]. The trial of this case is reset to **September 22, 2026.** A new trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on May 21, 2026, and the new trial date is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1)  Defendant's Unopposed Motion to Continue the Plea Deadline and Trial Date [**Doc. 17**] is **GRANTED**;

(2)  the trial of this matter is reset to commence on **September 22, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3)  all time between the filing of the motion on **May 21, 2026**, and the new trial date of **September 22**, **2026,** is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(4)  the deadline for filing a plea agreement in the record and providing reciprocal discovery is **August 21, 2026**;

(5)  the deadline for filing motions *in limine* is **September 4, 2026**, and responses to motions *in limine* or due on or before **September 15, 2026**;

(6)  the parties are to appear before the undersigned for a final pretrial conference on **September 9, 2026, at 11:00 a.m.**; and

(7)  requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **September 11, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge